Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM ) CRIMINAL CASE NO. CF0233-08
)
vs. )
)
CLIFF JOHN MONZON TUCKER, ) DECISION AND ORDER
)
Defendant. )
_____)

This matter came before the Honorable Alberto C. Lamorena III on March 9, 2009 on Defendant's Motion to Dismiss. Attorney Sally A. Tobin appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Jocelyn M. Roden. After reading the parties' briefs and hearing the parties' arguments, the Court took the matters under advisement. The Court now issues its Decision and Order.

**FACTUAL HISTORY**

On May 22, 2008, the Defendant was accused by the victim of repeatedly and continuously e-mailing, calling and visiting her home and work despite requests to desist, posting explicit pictures of the victim on the internet, and making threats towards her. Defendant, at the time, was on probation for a different matter, under a court order to not harass the same victim as in this matter.

**DISCUSSION**

I.      **Lack of Competent Evidence**

Defendant argues that the People failed to present sufficient evidence regarding the victim's "substantial emotional distress" to sustain an indictment, and that Defendant's choice of words do not constitute a threat to commit bodily injury.



1

To constitute substantial emotional distress, the offending conduct must be such as would produce a considerable or significant amount of emotional distress in a reasonable person; something markedly greater than the level of uneasiness, nervousness, unhappiness or the like which are commonly experienced in day to day living.... Thus, by using the word "substantial," the legislature intended to require that the offending conduct bring about a significantly higher level of emotional distress than is routinely experienced in daily life, but which need not be so severe as to be uneducable by the average person. *Wallace v. Van Pelt*, 969 S.W.2d 380 (Mo. App. 1998).

Here, the People submitted evidence that the Defendant continually and repeatedly harassed the victim, including threats to ruin her life, posting explicit pictures of her on the internet, and visiting her residence. Sufficient testimony was presented that the victim was placed in fear, and had to alter many aspects of her personal life to avoid the Defendant.

However, regarding the charge of Family Violence as a misdemeanor, the People have not presented sufficient evidence to support the charge. The threats allegedly made by Defendant, that he would ruin the life of the victim, or make her life hell, are not so unequivocal, unconditional, immediate, and specific as to convey a gravity of purpose and an immediate prospect of execution of a threat to commit bodily injury. Therefore, the charge of Family Violence is dismissed.

## II.     Failure to Present Exculpatory Evidence

The dismissal of the indictment is considered a drastic step and is generally disfavored as a remedy. *See U.S. v. Rodgers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985); *People v. Muna*, 999 F.2d 397 (9th Cir. 1993). Dismissal of the indictment prior to trial based on errors in the Grand Jury proceedings such as failure to present exculpatory evidence is warranted upon showing that the defendant is prejudiced by the error. *See Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988).

Pursuant to 8 G.C.A. § 50.46 "the grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted." 8 G.C.A. § 50.46. It is the Court's view that § 50.46 does not require the Government to produce every shred of evidence which might possibly exculpate the defendant, but only evidence that clearly negates guilt. *See People v. Kloulubak*, Crim. Case No. CF116-87, (Super. Ct. Guam November 17, 1988). The test is whether the prosecutor failed to disclose exculpatory evidence material to the very heart of the case. *See People v. Sablan*, Crim. Case No. 85-0024A (D. Guam App. Div. 1986); *People v. John Aguon Jesus*, Crim. Case No. CF0164-87 (Super. Ct. Guam 1988). In a motion brought pursuant to § 50.46, the Defendant assumes a greater burden of proof in attempting to negate Defendant's guilt than does the Prosecuting Attorney in attempting to show reasonable cause. *People v. Gerber, et al.*, Crim. Case No. CF149-78 (Super. Ct. Guam 1978).

Defendant alleges that the People failed to present evidence to the grand jury that the victim pushed the Defendant away on May 20, 2008, revealing a lack of fear of bodily injury, requiring dismissal. But the People provided testimony, on pg. 14, lines 4-7 of the transcript: "On the twentieth...Colleen pushed Cliff away from Giovani, to prevent any altercation." As the evidence alleged to be exculpatory was presented in this instance, this argument fails.

Defendant also alleges that the People failed to present evidence to the grand jury that the explicit photo of the victim had been posted by the Defendant since January of 2007, and that the victim had knowledge of the photo for a lengthy period prior to the times alleged in the indictment. Defendant argues that this negates the victim's claims of fear and apprehension of the Defendant, and is exculpatory. The Court agrees. The testimony in the grand jury transcripts fails to establish the approximate time when the victim became aware of the posting of the photo; much of the factual support for the claim of harassment derived from the victim's reaction to the posting of the photo. The claim of harassment is central to all of the charges of the indictment except the fourth charge, Family Violence, which has been addressed and dismissed above. Because the date on which the victim had knowledge of the photo is critical to the establishment

of the claim of harassment on the date alleged by the People, and has significant implications as to whether the claim falls within the statute of limitations, it is material to the heart of the case, and must have been presented to the grand jury.

## CONCLUSION

Based on the above, Defendant's Motion to Dismiss for Failure to Present Exculpatory Evidence is hereby GRANTED, and the case shall be dismissed without prejudice.

**IT IS SO ORDERED** this MAY 2 0 2009 day of May, 2009.

Original Signed By:
Hon. Alberto C. Lamorena III

Alberto C. Lamorena III
Presiding Judge
Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

MAY 2 0 2009

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam